STANDARD SUGAR REFINERY (GREENISH v.).   See Case No. 5,776.

## Case No. 13,284a.

### STANDEFER v. DOWLIN.

[Hempst. 209.] 1

Superior Court, Territory of Arkansas. Jan., 1833.

ATTORNEY—AUTHORITY QUESTIONED — AFFIDAVIT—GROUNDS OF BELIEF.

1. The authority of an attorney in a suit may be questioned by affidavit, or the production of sufficient proof, and he be required to show such authority.

2. An affidavit, stating that the party was informed and believed, and had good reason to apprehend that an attorney had no authority, is not a sufficient foundation for a rule against the attorney to show his authority.

3. In such a case, the grounds of the belief, and the reasons inducing the apprehension, should be stated, so as to enable the court to judge whether a rule ought to be granted.

Appeal from Washington circuit court, in an action by Thomas Dowlin, for the use of John McPhail, against Abraham Standefer.

Before JOHNSON, CROSS, and CLAYTON, JJ.

OPINION OF THE COURT. During the process of the cause, and previous to the rendition of judgment, the defendant filed his affidavit and moved the court to rule McPhail, or the counsel for the plaintiff to file a warrant of attorney to authorize them or some of them to collect the debt. In his affidavit, the defendant states, "that he is informed and believes, that the above suit has been instituted against him by John McPhail, and the counsel of said plaintif... without any lawful authority from said plaintiff, and that he has good reason to apprehend that if the debt in this declaration should be paid to the said McPhail or to said attorney or counsel, that the said McPhail or said attorneys could not execute any legal acquittance for the same." The motion of defendant for the rule to file the warrant of attorney, or to show the authority for commencing the action was overruled, to which the defendant excepted. and after judgment was rendered against him, he appealed to this court. The correctness of the decision of the court below, overruling the defendant's motion, is the only point to which our attention has been drawn.

The uniform and settled practice here, in accordance with the practice in most, if not all of the states of the Union, is to proceed in the cause, upon the appearance of an attorney of the court for either of the parties, without requiring him to file his warrant, or to show the authority for prosecuting or defending the suit. Chief Justice Kent observes, in the case of Denton v. Noyes, 6 Johns. 308, that "by licensing attorneys the court recommended them to the public con-

1 [Reported by Samuel H. Hempstead, Esq.]

fidence, and if the opposite party, who has concerns with an attorney in the business of a suit, must always, at his peril, look beyond the attorney to his authority, it would be productive of great public inconvenience. It is not usual for an attorney to require a written warrant from his client. He is generally employed by means of some secret confidential communication. The mere fact of his appearance is always deemed enough for the opposite party and for the court." But it cannot be doubted that a defendant may, by a sufficient affidavit, or the production of sufficient proof, question the authority for bringing and prosecuting the action. This is expressly asserted by the same eminent judge, in the case to which reference has just been made. Did the affidavit of the defendant, in the present case, lay a sufficient foundation to call upon the court to grant the rule? We think not. It is true he stated he was informed, and believed, and had good reason to apprehend, that the suit had been instituted without any authority from the plaintiff in the action. But this, in our judgment, was not sufficient. He should have stated to the court the ground upon which his belief was founded, and the reasons which induced him to apprehend that no authority existed for prosecuting the suit. He would then have enabled the court to form a correct judgment whether the rule ought or not to be granted. To permit the defendant to question the authority to bring the suit on affidavit, merely stating his belief that the authority did not exist, without showing the ground and reason of that belief, would be productive of great public inconvenience, and hold out strong temptations to perjury for the sake of delay. We think the court correctly overruled the motion of the defendant, on the ground of the insufficiency of the affidavit upon which the motion was based. Judgment affirmed.

[See Case No. 4,041a.]